IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 14 2004

CLERK

JEFFREY FORTER,

  Plaintiff,

v.          No. CIV-04-0791 BB/RHS

ELMER BUSTOS, et al.,

  Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Also before the Court are Plaintiff's motions for preliminary injunction (Doc. #5) filed July 22, 2004, and to waive initial partial payment of filing fee (Doc. #7) filed August 19, 2004. The initial partial payment will be waived, and, for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that prison officials have violated a number of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments. Plaintiff alleges he has been wrongly classified in high security (Level VI). He also alleges that Defendants have denied him a subscription to a newspaper, access to certain religious items, an intercom in his cell, adequate showers, and effective grievance procedures. Defendants also have seized an item of his outgoing mail. Plaintiff seeks damages and injunctive relief.

First, no relief is available on Plaintiff's allegations that he is improperly classified to high security. He alleges that Defendants did not comply with corrections policies and relied on false information about Plaintiff's security status, as evidenced by the dismissal of a misconduct report against him. These allegations do not support Plaintiff's claim because he has no due process rights to a particular classification within the prison system. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). This claim will be dismissed.

In support of his claim for violation of his First Amendment right of free exercise of religion, Plaintiff alleges he was denied access to a "pouch of 'runestones' " that are used in his religion. While prisoners retain the right to the free exercise of their religion, incarceration may impose reasonable limits on possession of artifacts and other ritual items. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Makin v. Colorado*, 183 F.3d 1205, 1209 (10th Cir. 1999). Courts have upheld bans on Muslim prayer oils, *see Hammons v. Saffle*, 348 F.3d 1250, 1256-57 (10th Cir. 2003), and incense, *see Childs v. Duckworth*, 509 F. Supp. 1254, 1264 (N.D. Ind. 1981), *aff'd*, 705 F.2d 915 (7th Cir. 1983), and have limited access to other religious articles, *see Dettmer v. Landon*, 799 F.2d 929, 934 (4th Cir. 1986) (limiting unsupervised use of certain materials), *Munir v. Scott*, No. 92-1693, 1993 WL 465162, at \*\*2 (6th Cir. Nov. 10, 1993) (noting penological concerns in limiting use of religious oils), *Portley-*

*El v. Zavaras*, No. 99-1028, 1999 WL 542631, at *2 (10th Cir. July 27, 1999) (upholding restrictions on headwear). The refusal by prison official to allow a high-security inmate to keep stones, which are obviously potential projectiles, is reasonable on its face. This claim will be dismissed.

No relief is available on Plaintiff's allegations that he is not allowed to take showers when he chooses or that officials will not allow intercoms in cells. " '[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety.' " *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *and see Dopp v. Ward*, No. 04-6065, 2004 WL 1683311, at *2 (10th Cir. July 28, 2004) ("Being deprived of hygiene products for eight days is not sufficiently serious to implicate the Eighth Amendment") (citing *Barney v. Pulshiper*, 143 F.3d 1299, 1310 (10th Cir. 1998)). Neither of the two deprivations alleged by Plaintiff presents a risk to his health or safety. These claims will be dismissed.

Plaintiff's allegation that he has been denied effective grievance procedures does not support a claim under 42 U.S.C. § 1983. Generally, of course, an inmate's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). Even construing this claim as asserting a denial of access to the courts, the allegations do not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because Plaintiff does not allege that prison officials have actively interfered with his attempts to prepare and file legal documents. *Lewis*, 518 U.S. at 350; *and see Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint'"). Plaintiff's claim for denial of effective grievance procedures will be dismissed.

Last, Plaintiff alleges that prison officials intercepted an item of outgoing mail. "In the case of

3

unprivileged incoming and outgoing prison mail, regulation by prison officials is 'essentially an administrative matter in which the courts will not intervene.' " *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) (*Wilkerson v. Warden*, 465 F.2d 956, 957 (10th Cir. 1972). "Moreover, isolated incidents of opening constitutionally protected legal mail, 'without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim." *Berger v. White*, No. 00-1413, 2001 WL 433383, at **1 (10th Cir. Apr 27, 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990)). This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion to waive initial partial payment of filing fee (Doc. #7) filed August 19, 2004, is GRANTED, and the initial partial payment is DEFERRED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk will provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction (Doc. #5) filed July 22, 2004, is DENIED;

IT IS FURTHER ORDERED that, except for the First Amendment claim for denial of access to a newspaper subscription, Plaintiff's claims are DISMISSED with prejudice; and the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Beals and Sedillo.

/s/ Bruce D. Black
UNITED STATES DISTRICT JUDGE

4