# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEFFREY FORTER,

            Plaintiff,

vs.                                                                                    Civil No. 04-791 BB/RHS

ELMER BUSTOS, et al.,

            Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on consideration of Plaintiff's Motion for Partial

Summary Judgement [sic] ("Plaintiff's Motion"), filed November 17, 2004 **[Doc. 15]** and

Defendants' Response, [sic] to Plaintiff's Motion, [sic] and Cross Motion for, Summary Judgment

("Defendants' Response/Motion"), filed March 30, 2005 **[Doc. 31]**.  Having considered the

parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court

concludes that Plaintiff's Motion and Defendants' Response/Motion are not well-taken and

recommends that they be denied without prejudice.

### *Background*

Plaintiff is incarcerated and is proceeding *pro se* and *in forma pauperis*. Plaintiff alleges

that Defendants have violated various civil rights under the First, Eighth, and Fourteenth

Amendments.  On September 14, 2004, the Court entered an order dismissing all of Plaintiff's

claims, except for the First Amendment claim against Defendants for denial of access to a

newspaper subscription.  (See Memorandum Opinion and Order **[Doc. 9]**).  Plaintiff claims that

Defendants have denied him a newspaper subscription during his assignment to Level VI at the

Penitentiary of New Mexico.  This claim is before the Court on the parties' cross-motions for summary judgment.[1]

*Summary Judgment Standard*

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  In considering a motion for summary judgment, the court reviews the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party.  Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Material facts" are "facts which might affect the outcome of the suit under the governing law."  Id.  Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

*Discussion*

"[I]mprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment."  Beard v. Banks, 126 S.Ct. 2572, 2577 (2006) (citations omitted).  However, "the Constitution sometimes permits greater

---

[1]Among other pleadings, the Court has considered Defendants' Court Ordered Martinez Report ("Martinez Report"), filed February 24, 2005 **[Doc. 27]**, Plaintiff's Supplemental Memorandum of Law ("Supplemental Memo"), filed August 14, 2006 **[Doc. 49]** and Defendants' Court Ordered Supplemental Brief, filed August 14, 2006 **[Doc. 50]**.

restriction of such rights in a prison than it would allow elsewhere . . . . [and] courts owe substantial deference to the professional judgment of prison administrators." Banks, 126 S.Ct. at 2577-78 (citations and internal quotation marks omitted). The Supreme Court reconciled these principles in Turner v. Safley, 482 U.S. 78 (1987) by holding that "restrictive prison regulations are permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to such objectives." Banks, 126 S.Ct. at 2578 (quoting Turner, 482 at 87; internal citation and quotation marks omitted). The Supreme Court described "four factors relevant in determining the reasonableness of the [prison] regulation at issue."[2] Banks, 126 S.Ct. at 2578 (quoting Turner, 482 at 89; internal quotation marks omitted). This case is before the Court in the context of the parties' motions for summary judgment. However, both parties' motions rest primarily on unsupported, contradictory and/or disputed assertions of fact. Accordingly, the Court finds that factual disputes and insufficient evidence preclude a recommendation that summary judgment be granted in favor of either party at this time.

For example, on one hand, Defendants assert that "newspapers . . . are not allowed in *Level V and VI* cells" (Defendants' Response/Motion at 4 ¶ 10) and explain that there "are *no* exceptions to this policy" (Martinez Report at unnumbered page 3) (emphasis added). However, on the other hand, Defendants also contend that Defendant Beals informed Plaintiff "that as soon as the Plaintiff left *Level VI*, his newspapers would be released to him." (Martinez Report at

---

[2]"First, is there a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it? Second, are there alternative means of exercising the right that remain open to prison inmates? Third, what impact will accommodation of the asserted constitutional right . . . have on guards and other inmates, and on the allocation of prison resources generally? And, fourth, are ready alternatives for furthering the governmental interest available?" Banks, 126 S.Ct. at 2578 (citations and internal quotation marks omitted).

unnumbered page 2).[3]  While Defendants attached a total of twelve (12) exhibits to their <u>Martinez</u> Report, nowhere in the report's narrative or argument do Defendants indicate which statements are supported by which exhibits.[4]  The Court will not speculate as to which exhibit presumably supports which statement, especially when faced with unclear and contradictory assertions.

Defendants' Response/Motion similarly lacks evidentiary support for any of its statements of fact.  Defendants did not attach any exhibits whatsoever to their Response/Motion, nor did they specifically reference any exhibits of the <u>Martinez</u> Report as evidentiary support for statements of fact set forth in the Response/Motion.  The Court further notes that Defendants did not submit any affidavits in support of assertions contained in either the <u>Martinez</u> Report or their Motion/Response.[5]  Finally, Plaintiff apparently seeks an opportunity to obtain additional evidence.  For all of the reasons set forth above, the Court recommends that Plaintiff's Motion **[Doc. 15]** and Defendants' Response/Motion **[Doc. 31]** be **denied without prejudice** to the parties' right to re-file a motion for summary judgment or other appropriate pleadings.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and

---

[3]Defendants do not offer any explanation for these seemingly contradictory assertions regarding their policy or practice of restricting prisoner access to newspapers.

[4]Not one statement or assertion contained in Defendants' <u>Martinez</u> Report is followed by a specific citation to an exhibit, such as "<u>See</u> Exhibit 2".

[5]Plaintiff correctly points out that the record contains no "testimony to support the Defenses [sic] assertions of security and inmate rehabilitation."  (Plaintiff's Supplemental Memo at 4).

recommendations.  If no objections are filed, no appellate review will be allowed.


ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE