## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JEFFREY FORTER,

       Plaintiff,

v.                                               No. CIV 04-791 BB/RHS

ELMER BUSTOS, et al.,

       Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on consideration of "Defendants['] Motion to Deny Relief as Requested by Plaintiff" ("Motion for Summary Judgment"), filed February 25, 2010 **[Doc. No. 91]**.  Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*.  Having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court concludes that Defendants' motion should be granted and this civil proceeding dismissed.

*Defendants' motion is deficient*

As a preliminary matter, the Court notes that Defendants' motion is deficient in many respects.  Defendants' motion is vague, in that it does not clearly state what relief, action or order is sought from the Court.  The Court construes Defendants' motion as one for summary judgment, despite Defendants' failure to so title the document.[1]  However, Defendants' motion

---

[1]If Defendants intend to seek summary judgment from the Court on one or more of Plaintiff's claims, the motion should be so titled and filed in accordance with the local rules regarding summary judgment procedures.  See D.N.M.LRs-Civ. 56.  The Court will not permit Defendants to skirt the local rules regarding summary judgment simply by titling a document that seeks such relief a "motion to deny."

fails to comply with the requirement that a summary judgment movant "initially set out a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts must be numbered and must refer *with particularity* to those portions of the record upon which movant relies." LR 56.1(b) (emphasis added). The vast majority of Defendants' factual allegations contain *no* reference whatsoever, much less a *particular* reference, to any portion of the record. Several of Defendants' allegations blatantly contradict the record.[2]

In addition, Defendants misstate and attempt to "take issue" with a District Court ruling to which they did not object when they had the opportunity.[3] The numerous deficiencies contained in Defendants' briefing confuse the issues and waste the Court's time. Defendants are strongly cautioned to carefully review and comply with Court orders, the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

*Summary Judgment Standard*

Summary judgment is appropriate "if . . . there is no genuine issue as to any material

---

[2]In their reply, Defendants erroneously assert more than once that the <u>Martinez</u> Report and the Supplemental <u>Martinez</u> Report "deal *only* with Level V and VI," despite Plaintiff's specific citation to the record showing otherwise. (Reply to Plaintiff's Response to Defendant's [sic] Motion to Deny Relief" at 1, filed Mar. 15, 2010 **[Doc. No. 97]** (emphasis added); <u>see, e.g,</u> Supplemental <u>Martinez</u> Report at 3 **[Doc. No. 71]** (Defendants asserting that "at Level *IV*, V and VI, there is no personal ownership or access to newspapers for inmates") (emphasis added)).

[3]Defendants "take issue with the determination of the Court to find that Plaintiff was denied access to his newspaper at a Level IV facility." (Motion for Summary Judgment at 3 ¶ 18 (citing Order Adopting the Magistrate Judge's Proposed Findings and Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("Order") **[Doc. No. 81]**)). While the Court found a First Amendment violation in denying a newspaper to Plaintiff in Level IV, the Court did not explicitly find that Plaintiff was ever housed in Level IV. Moreover, as Plaintiff correctly notes, Defendants filed no objections to the undersigned's proposed findings and recommendation that preceded the District Court's Order adopting the same. (<u>See</u> <u>id.</u> at 1).

fact[4] and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56

("Rule") (c).  Under Rule 56(c), the moving party "*always* bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citation omitted).

In considering a motion for summary judgment, the court reviews the evidence and the

inferences drawn from the record in the light most favorable to the nonmoving party.  Kaul v.

Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

*Discussion*

Defendants apparently move for summary judgment in their favor on: (1) Plaintiff's

claim for punitive damages, and (2) Plaintiff's claim for damages based on the denial of a

newspaper at Level VI or Level V.  A consideration of Defendants' motion with respect to

Plaintiff's claim for damages during his placement at Levels VI and V is dispositive of this civil

proceeding.  Thus, the Court will address this claim first.

*Plaintiff's claim for damages based on denial of newspaper at Levels VI and V*

The District Court previously granted summary judgment in Defendants' favor on

Plaintiff's claim that his First Amendment right was violated in denying him access to a

newspaper at Levels VI and V.  (See Order at 2).  Accordingly, Defendants' request for

summary judgment on Plaintiff's claim for damages based on the denial of a newspaper at these

---

[4]"Material facts" are "facts which might affect the outcome of the suit under the
governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "All material facts
set forth in the statement of the movant will be deemed admitted unless specifically
controverted."  D.N.M.LR-Civ. 56.1(b).

levels should be granted and that claim dismissed.

The District Court also determined that Defendants violated Plaintiff's First Amendment right to the extent they prohibited receipt of a newspaper in Level IV.  (See id.).  However, Defendants contend that "[t]hroughout this entire proceeding, Plaintiff was housed at . . . Level VI and Level V facilities."  (Motion for Summary Judgment at 2 ¶ 13).  Plaintiff does not dispute this contention.  Because Plaintiff was never housed at Level IV in the New Mexico Corrections Department, and thus, was never denied access to a newspaper at Level IV, Defendants did not violate his First Amendment right by denying him access to a newspaper at that Level. Accordingly, the Court concludes that summary judgment should be granted in Defendants' favor on Plaintiff's First Amendment claim and this civil proceeding dismissed.

*Punitive Damages*

Because the Court finds that summary judgment should be granted in favor of Defendants on Plaintiff's First Amendment claim and this civil proceeding dismissed, it is not necessary to discuss Plaintiff's claim for punitive damages.  However, the Court will briefly address the parties' argument on this issue.  Defendants contend that the standard for evaluating punitive damages is set forth in Searles v. Van Bebber, 251 F.3d 869 (2001).  Plaintiff contends that the relevant standard is described in Smith v. Wade, 461 U.S. 30 (1983).  Both contentions are correct.

"The legal standard for punitive damages in cases under 42 U.S.C. § 1983 is well established.  Punitive damages are available only for conduct which is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Searles, 251 F.3d at 879 (quoting Smith, 461 U.S. at 56) (internal quotation marks omitted)).  Defendants argue that the conduct alleged by Plaintiff does not meet

this standard.  Plaintiff responds that facts arising "during testimony and examination of witnesses" would show that Defendants "were recklessly and callously indifferent to the constitutionally protected rights of Plaintiff."  (Reply at 4, filed Mar. 5, 2010 **[Doc. No. 93]**).  Because Plaintiff does not specify Defendants' conduct which he claims justifies punitive damages, it does not appear that Defendants' conduct meets the relevant standard.  Accordingly, summary judgment should be granted in Defendants' favor on Plaintiff's claim for punitive damages.

*Conclusion*

For all of the reasons set forth above, the Court respectfully recommends that Defendants' Motion for Summary Judgment be granted, that Plaintiff's claim for punitive damages and Plaintiff's claim for damages based on the denial of a newspaper at Level VI or Level V be dismissed, and that this civil proceeding be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Robeet Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE